CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

7/29/2024

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| **ELLENOR ZINSKI** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: **6:24CV00041** |
| | ) | |
| **LIBERTY UNIVERSITY, INC.** | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Ellenor Zinski brings this action against Liberty University ("Defendant" or "Liberty") pursuant to Title VII of the Civil Rights Act ("Title VII") to correct and remedy the unlawful employment practices complained of herein, namely discrimination on the basis of sex.

## PRELIMINARY STATEMENT

1. Ellenor Zinski is 30 years old and was employed by Liberty as an Information Services Apprentice at the IT Helpdesk until she was unlawfully terminated in August 2023 on the basis of her sex.

2. To terminate a person because they are transgender is to discriminate in employment on the basis of sex in violation of Title VII.

3. Ms. Zinski is a transgender woman, which means she is a woman who was assigned the sex of male at birth. [1]

---

[1] Transgender people have gender identities that do not align with the sex assigned to them at birth. Gender identity is a well-established medical and psychological term that refers to a person's fundamental, internal sense of gender. It is a core characteristic that everyone possesses. A person's gender identity is a fundamental component of their identity. At birth, a sex designation is typically made based on an observation of the infant's external genitalia. The

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

5. Ms. Zinski's claim for declaratory relief is authorized under 28 U.S.C. § 2201.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 as the Defendant Liberty University operates in the judicial district and division and the events giving rise to the claim occurred in the judicial district and division.

7. Plaintiff has exhausted all required administrative procedures. On October 27, 2023, Ms. Zinski timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based on the termination of her employment by Defendant in violation of Title VII's prohibition on sex discrimination. The EEOC has issued a Notice of Right to Sue, and this suit has been brought within 90 days of Plaintiff's receipt of such Notice.

## PARTIES

8. Plaintiff Ellenor Zinski is a citizen of the United States and resident of Lynchburg, Virginia. Plaintiff was employed by Defendant Liberty University.

---

sex designation is usually listed on the infant's birth certificate. For most people, their gender identity aligns with their sex assigned at birth. Misalignment between gender identity and sex assigned at birth can create severe distress for transgender people. The American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, Text Revision (DSM-5-TR) uses the diagnostic term "gender dysphoria" for the clinically significant distress that results from "a marked incongruence between one's experienced/expressed gender and their assigned gender" at birth. *What is Gender Dysphoria?*, Am. Psychiatric Ass'n, https://www.psychiatry.org/patients-families/gender-dysphoria/what-is-gender-dysphoria (last visited July 24, 2024). Gender dysphoria is a serious medical condition. If left untreated, it can result in anxiety, depression, self-harm, and suicidality. To avoid these serious harms, the widely accepted standards of care recommend recognizing and affirming a person's gender identity. Because gender identity is a fundamental characteristic of a person's identity, it cannot be voluntarily altered by social or medical intervention. Attempts to change a person's gender identity to align it with the person's birth-assigned sex are not only futile but psychologically harmful. For people with gender dysphoria, being able to live consistently with their gender identity is essential to their health and well-being. When they are forced to live in a manner inconsistent with their gender identity, it undermines their ability to socially transition and, thus, exacerbates their gender dysphoria.

9. Defendant Liberty University, Inc. is a Virginia nonstock corporation with its principal place of business in Lynchburg, Virginia. On information and belief, Liberty employs more than 12,000 employees worldwide.

## FACTUAL ALLEGATIONS

10. Plaintiff Ellenor Zinski was hired by Liberty in February 2023 as a full-time Information Services Apprentice at the IT Helpdesk. At the time of Plaintiff's hire, she went by the name Jonathan Zinski.

11. In her role as an IT Apprentice, Ms. Zinski provided help to students and staff who walked into the office with computer issues, troubleshooted problems with classroom equipment, offered immediate assistance when IT issues occurred during classes, and completed technology related administrative tasks, such as restocking printer paper. Ms. Zinski's only contact with students concerned IT issues, and a significant portion of her time was spent speaking with other staff.

12. During Plaintiff's employment, she was successful in her job and met Liberty's legitimate employment expectations. Plaintiff received performance reviews on a bi-monthly basis and all reviews were positive. Plaintiff's supervisor indicated that she was "doing well and meeting or exceeding all of their metrics."

13. On June 25, 2023, Ms. Zinski had her 90-day review and received positive marks. She was told her assessment was above average and she was "on the path to success."

14. On July 5, 2023, Plaintiff sent an email to Liberty's Human Resources ("HR") notifying HR that she identified as a trans woman, had been undergoing hormone replacement therapy ("HRT"), and intended to legally change her name from Jonathan to Ellenor soon.

15. Plaintiff's email to HR made clear that her medical treatment and self-identification as a trans woman did not and would not alter her work performance or professional conduct and she did not request any accommodations from Liberty.

16. On July 8, 2023, Plaintiff received an email from an individual in the HR department informing Plaintiff that they would respond to her email. In the meantime, Plaintiff continued to work for Liberty and meet her employer's legitimate employment expectations.

17. On August 8, 2023, Plaintiff followed up with HR as she had not received a response to her July 5 letter and felt anxious. HR responded and scheduled a meeting for later in the day.

18. At the meeting, the Chief Information Officer and Executive VP of Analytics, John Gauger, and the Executive Vice President of Human Resources, Steve Foster, were present. Mr. Foster read from a letter and then handed the letter to Ms. Zinski while advising her that her employment with Liberty was terminated effective immediately. The letter makes clear that Ms. Zinski's employment was terminated because of her transition from her sex/gender assigned at birth (male) to the sex/gender for which she identifies (female).

19. During the period of time in which Ms. Zinski was employed and was waiting for a response from HR to her July 5, 2023 email, she experienced fear and anxiety. When she toured HR's new office together with her co-workers, she was reminded of how frightened she was of how Liberty may respond to her letter and broke down crying, racing to the restroom to avoid her co-workers seeing how upset she was. On some nights during this period, the anxiety was so great that Ms. Zinski vomited. As a result of her termination, Ms. Zinski felt disbelief, emptiness, and hurt at being ostracized for being transgender, a rejection of who she is on a fundamental, unchangeable level.

## COUNT I
### Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*
### Unlawful Discrimination

20. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as though fully set forth herein.

21. Plaintiff is a transgender woman.

22. At all times relevant hereto, Plaintiff was capable and qualified to perform her job as an Information Services Apprentice at the IT Helpdesk.

23. Defendant intentionally discriminated against Plaintiff on the basis of sex in violation of Title VII by terminating her employment for being a transgender woman.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer injury and damages including mental anguish, pain, suffering, loss of income, litigation expenses including attorney's fees, medical expenses, consequential damages, and other injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ellenor Zinski requests judgment against Defendant Liberty University, Inc. as follows:

A. For appropriate declaratory relief declaring the acts and practices complained of herein in violation of Title VII;

B. For an award of compensatory and punitive damages in the amount of $300,000, plus back-pay damages, with pre-judgment interest at the prevailing rate;

C. For equitable relief including reinstatement, or front pay in lieu of same;

D. For an award of reasonable attorney's fees and costs, including expert witness fees expended; and

  E.  For such other and further relief to which Plaintiff may show she is justly entitled.

**TRIAL BY JURY IS DEMANDED**

                 Respectfully submitted,

                  ELLENOR ZINSKI

                  <u>*/s/ Paul M. Falabella*</u>
                  Paul M. Falabella (VSB No. 81199)
                  Samantha Galina (VSB No. 96981)
                  Butler Curwood, PLC
                  140 Virginia Street, Suite 302
                  Richmond, Virginia 23219
                  Telephone: (804) 648-4848
                  Facsimile: (804) 237-0413
                  Email: paul@butlercurwood.com
                  Email: samantha@butlercurwood.com

                  Wyatt S.M. Rolla (VSB No. 85625)
                  ACLU of Virginia
                  P.O. Box 26464
                  Richmond, Virginia 23261
                  Telephone: (804) 418-1980
                  Email:  wrolla@acluva.org

                  *Counsel for Plaintiff*