IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **ELLENOR ZINSKI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. **6:24-cv-41-NKM** |
| ) | |
| **LIBERTY UNIVERSITY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT LIBERTY UNIVERSITY'S MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 26(c) and W.D. Va. Civ. R. 11(c), Defendant, Liberty University, Inc. ("Liberty University") hereby files this Memorandum in Support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss, filed simultaneously herewith.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On July 29, 2024, Plaintiff initiated the instant action by filing the Complaint (dkt. 1) against Liberty University, alleging that Liberty University violated Title VII of the Civil Rights Act by terminating Plaintiff's employment purportedly on the basis of sex because Zinski allegedly identifies with a gender different than Plaintiff's chromosomal and biological reality. (Dkt. 1, Compl., ¶23.) On October 3, 2024, Defendant timely moved to dismiss the Complaint for failure to state a claim and lack of subject matter jurisdiction (dkt. 11), and accompanied that motion with its supporting memorandum outlining why Plaintiff's claims against Liberty University were barred by the First Amendment's ecclesiastical abstention and ministerial exceptions doctrines, and how Liberty University was exempt for its employment related decisions under Sections 702 and 703 of Title VII, 42 U.S.C. §§2000e-1(a), 2000e-2(e). (Dkt. 12, "MTD Memorandum".) In its memorandum, Liberty University demonstrated that several of the bases requiring dismissal of

Plaintiff's claims are jurisdictional in nature and preclude the Court from engaging in the very inquiry Plaintiff seeks to probe in discovery. (*See* dkt. 12, MTD Memorandum at 14-17 (explaining that the First Amendment ecclesiastical abstention doctrine bars inquiry into Liberty University's religious justifications for terminating Plaintiff's employment); 24-37 (explaining that the ministerial exception bars the Court's inquiry into the religious reasons for Liberty University's employment decisions).) Plaintiff responded in opposition to the motion on October 31, 2024. (Dkt. 21.) Liberty University moves the Court to stay discovery pending resolution of that motion.

## ARGUMENT

District courts possess authority and broad discretion to stay discovery pending resolution of a potentially dispositive motion to dismiss. This Court has inherent authority to stay discovery pending resolution of Liberty University's motion to dismiss, and it also has authority under Fed. R. Civ. P. 26(c) to stay discovery in this matter. Though the statutory authority articulated in the federal rules and the Court's inherent authority are slightly different, *see Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, *1 n.1 (E.D.N.C. Oct. 5, 2020), both provide an appropriate mechanism to stay discovery in this matter pending adjudication of Liberty University's potentially dispositive motion. (Dkt. 11.) For the reasons that follow, the Court should grant Liberty University's Motion and stay discovery pending resolution of its Motion to Dismiss. (Dkt. 11.)

**I.     THIS COURT HAS INHERENT AUTHORITY TO STAY PROCEEDINGS PENDING RESOLUTION OF LIBERTY UNIVERSITY'S MOTION TO DISMISS.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See also Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (same). "How this can

2

best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. *See also Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (same). "Couts have identified these various factors as: (1) the interests of judicial economy; (2) the hardship and equity to the moving party in the absence of a stay; and (3) the potential prejudice to the non-moving party in the event of a stay." *Seneca Ins. Co., Inc. v. Fayetteville Cross Creek, LLC*, 528 F. Supp. 3d 397, 403 (M.D.N.C. 2021) (quoting *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013)). All factors warrant a stay in this matter pending resolution of Liberty University's Motion to Dismiss.

    **A.    Liberty University Would Suffer Significant Hardship Absent a Stay.**

Liberty University would suffer significant and constitutionally impermissible hardship absent a stay pending resolution of its motion to dismiss. Numerous courts have found that a substantial burden is placed on defendants by having to submit to discovery prior to the resolution of their motions to dismiss. *See, e.g.*, *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.*, 94 CIV. 8566 (JFK), 1995 WL 72376, *1 (S.D.N.Y. Feb. 22, 1995) (forcing defendants to respond to discovery when they have filed a motion to dismiss that may dispose of the entire action is "extremely burdensome" and warrants a stay); *Kanotwitz v. Broadridge Fin. Solutions, Inc.*, No. CV 13-649(DRH)(AKT), 2014 WL 1338370, *6 (E.D.N.Y. Mar. 31, 2014) ("Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with the entire purpose of the stay provision, which is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim." (quoting *Gardner v. Major Auto. Co.*, No. 11-CV-1664(FB), 2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012)); *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398

(RWS), 2015 WL 7302266, *2 (S.D.N.Y. Nov. 17, 2015) (granting stay when discovery is likely to be too burdensome on a defendant with a potentially dispositive motion pending); *Picture Patents, LLC v. Terra Holdings LLC*, No. 07 Civ. 5465(JGK)(HBP), 2008 WL 5099947, *3 (S.D.N.Y. Dec. 3, 2012) (granting a stay when "discovery will necessarily be time consuming, burdensome, and expensive"). *See also Chudasama v. Mazda Motor Corp*, 123 F.3d 1353, 1368 (11th Cir. 1997) (resolution of a motion to dismiss should occur before discovery begins to ensure that a defendant is not forced to submit to a process that "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system"); *id.* (noting the tremendous burden of forcing a defendant submit to discovery and stating that the court's burden to stay discovery "becomes all the more imperative when the contested claim is especially dubious").

And, here, the burden on Liberty University is significant because subjecting Liberty University to probing inquiries regarding its religious beliefs, mission, and employment decisions represents a significant intrusion into Liberty University's First Amendment liberties. *See, e.g.*, *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, *2 (S.D.W. Va. Feb. 13, 2020) ("the potential hardship to the defendant favors granting a stay of discovery, especially in light of the First Amendment issues involved in the case"). And, the burden of submitting to discovery in a case where the Court's jurisdiction is lacking is even worse because it imposes a constitutional burden on Liberty University under the First Amendment, which alone represents significant and irreparable harm. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Miranda v. Garland*, 35 F.4th 338, 349 (4th Cir. 2022) (same).

The burden on Liberty University in the absence of a stay represents a significant hardship and warrants a stay pending resolution of its potentially dispositive motion to dismiss.

### B. The Interests of Judicial Economy Favor a Stay.

The interest in judicial economy also favors a stay in this matter. A stay to resolve a case-dispositive motion, such as Liberty University's motion here, is appropriate because "a finding in defendant's favor could completely resolve the case without any need for discovery." *Rowe v. Citibank N.A.*, No. CIV.A. 5:13-21369, 2015 WL 1781559, *2 (S.D. W. Va. Apr. 17, 2015). And, adjudication of Liberty University's motion would "streamline litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). In the event that Liberty University's motion to dismiss is granted, which binding and significant precedent requires in this matter, any resources devoted to the time-consuming and expensive discovery process would be fruitless, which directly contradicts any interest in judicial economy. *Bragg v. United States*, No. CIV.A. 2:10-0683, 2010 WL 3835080, *2 (S.D.W. Va. Sept. 29, 2010). Indeed, "the interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and 'the resolution of which may obviate the need for or limit discovery in this case." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, *2 (S.D.W. Va. Feb. 13, 2020) (quoting *Slone v. State Auto Prop. & Casualty Ins. Co.*, No. 2:19-cv-00408, 2019 WL 4733555, *1 (S.D. W. Va. Sept. 26, 2019)). The interest of judicial economy favors a stay.

### C. Plaintiff Will Suffer No Hardship or Prejudice from a Temporary Stay.

A temporary stay while this Court adjudicates Liberty University's motion would not unduly harm or prejudice Plaintiff in any way. Numerous courts have found that where, as here, a defendant puts forward a motion to dismiss substantially grounded in the law and potentially

5

dispositive of the entire case, there is no impermissible burden on the plaintiff. *See, e.g.*, *Slone*, 2019 WL 4733555, *1 ("The motion to dismiss raises potentially dispositive legal issues, the resolution of which may obviate the need for or limit discovery in this case. It does not appear that the plaintiff will suffer any significant prejudice in delaying the proceedings until that time."). *See also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002) (staying discovery pending a potentially dispositive motion to dismiss does not prejudice plaintiff); *Rivera v. Heyman*, No. 96 Civ. 4489(PKL), 1997 WL 86394, *2 (S.D.N.Y. Feb. 27, 1997) (where, "upon preliminary examination," a motion to dismiss "appears to be substantially grounded . . . A stay pending a determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"); *United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (absent a showing of undue prejudice to plaintiff in brief stay of discovery pending motions to dismiss, stay is appropriate).

This is particularly true where, as here, "[t]he current stage of litigation is still fairly early," and discovery deadlines are not rapidly approaching. *See Rowe*, 2015 WL 1781559, *2. *See also United States v. Gazette Co.*, No. 2:07-0329, 2007 WL 7575700, *2 (S.D. W. Va. Oct. 18, 2007) (staying discovery for a case in its infancy does not prejudice nonmoving party); *Blankenship*, 2020 WL 748874, *2 ("Granting a stay is more appropriate when the action is early in the litigation process.").

Moreover, Plaintiff was employed by Liberty University for a very short period of time (dkt. 1, Complaint, ¶¶1, 10), was employed in an at-will capacity, and had minimal reliance interest in continued employment at an entry level position. His damages are therefore minimal, and any delay in attempting to secure his claimed damages does not constitute sufficient prejudice to preclude staying discovery while a dispositive motion is adjudicated. *E.g.*, *Doerken v. USAA*

*Savins Bank*, CV 16-08824-RSWL-MRW, 2017 WL 1534186, *2 (C.D. Cal. Apr. 26, 2017) ("courts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages"); *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Cor.*, No. 5:13-cv-05430 EJD, 2014 WL 2759571, *5 (N.D. Cal. June 17, 2014) ("Indeed, the crux of Plaintiff's federal complaint is a demand for monetary damages. A delay in compensation for past harms does not equate to a strong showing of prejudice.").

## II. THIS COURT HAS THE AUTHORITY UNDER RULE 26 TO STAY DISCOVERY PENDING RESOLUTION OF LIBERTY UNIVERSITY'S MOTION TO DISMISS.

"It is well-settled that 'a protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" *Sheehan v. United States*, No. 5:11CV170, 2012 WL 1142709, *1 (N.D.W. Va. 2012) (quoting *Tilley v. United States,* 270 F.Supp.2d 731, 734 (M.D.N.C. 2003)). "Absent an abuse of discretion, the United States Court of Appeals for the Fourth Circuit will uphold a decision to issue a protective order or to otherwise limit the timing or scope of discovery." *Id.* (citing *Chaudhry v. Mobil Oil Corp.,* 186 F.3d 502 (4th Cir. 1999)).

### A. The Case Dispositive Nature of Liberty University's Motion to Dismiss Warrants Staying Discovery Pending this Court's Adjudication of that Motion.

"Under this rule, a district court has discretion to stay discovery pending the outcome of a dispositive motion." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, *2 (S.D.W. Va. Feb. 13, 2020). In fact, "[b]ecause the dispositive motion has the potential to dispose of the case without the need for further discovery, it falls within the court's discretion to stay discovery pending resolution of the dispositive motion." *Tilley,* 270 F. Supp. 2d at 735 n.1. *See also Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("A court has broad

7

inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."). Indeed, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001); *Nat'l Coatings & Supply Co. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, *1 (E.D.N.C. Oct. 5, 2020) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." (cleaned up)). And, staying discovery where—as here—a dispositive motion is pending before the Court "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *United States v. Daily Gazette Co.*, No. 2:07-0329, 2007 WL 7575700, *2 (S.D. W. Va. Oct. 18, 20017).

Factors relevant to the consideration of a stay pending resolution of a dispositive motion "include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Somie v. GEO Grp., Inc.*, No. 5:09-CT-3142-FL, 2011 WL 1831695, *2 (E.D.N.C. May 12, 2011). Each of these factors weighs heavily in favor of ranting the stay.

### 1. Granting Liberty University's motion would dispose of the entire case.

Because Liberty University has raised substantial grounds for dismissal in its motion (dkt. 11, 12), demonstrating that the Court is without subject-matter jurisdiction to adjudicate Plaintiff's claims against it, a stay of discovery is appropriate pending resolution of its motion. As a matter of black letter law, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, Liberty University's motion to

dismiss raises a threshold inquiry that the Court must resolve before allowing the action to proceed any farther. Indeed, "[s]ubject matter jurisdiction is a threshold inquiry for suit." *Reeves v. Md. Dep't of Transp., Motor Vehicle Admin.*, 2024 WL 3252975, *3 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)). *See also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . ." (cleaned up)). Where, as here, a court's jurisdiction is in question in a pending motion to dismiss, a stay of discovery is appropriate until that threshold inquiry is adjudicated.

Numerous courts, including within the Fourth Circuit, have stayed discovery when a defendant raises serious and substantial questions concerning the court's jurisdiction in a dispositive motion. *See, e.g.*, *Sheehan v. United States*, No. 5:11CV170, 2012 WL 1142709, at *1 (N.D. W. Va. 2012) (noting that because issues of subject matter jurisdiction "are purely legal," a motion to stay pending adjudication of a motion to dismiss on such grounds is warranted); *S.J. v. Lendlease (US) Public P'ship Holdings, LLC*, No. 7:21-CV-188-D, 2022 WL 138689, *2 (E.D.N.C. Jan. 13, 2022) (staying discovery pending resolution of a motion to dismiss on subject matter jurisdiction); *Bragg v. United States*, No. 2-10-0683, 2010 WL 3835080, *2 (S.D. W. Va. Sept. 29, 2010) (staying discovery pending resolution of a motion to dismiss on subject matter jurisdiction). *See also Sikhs for Justice v. Nath*, 893 F. Supp. 2d, 598, 619 (S.D.N.Y. 2012) ("Because the issue of subject matter jurisdiction is dispositive as to whether this action should proceed . . . the stay is granted."); *Estate of Paolello v. Providence Rest, Inc.*, No. 1:22-cv-9930 (JLR), 2023 WL 172200, at *1 (S.D.N.Y. Jan. 12, 2023) (finding "sufficient cause to stay this action pending decisions . . . which may bear on whether this Court has subject-matter jurisdiction over this case" (cleaned up)); *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016

WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (staying discovery pending resolution of motion to dismiss for lack of subject-matter jurisdiction where "an initial review of the arguments presented in its support suggest that none are frivolous and, because succeeding on each argument alone may warrant dismissal of . . . entire complaint"); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73–75 (S.D.N.Y. 2013) (staying discovery pending resolution of potentially dispositive motion to dismiss for lack of subject matter jurisdiction); *CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*, No. 21 Civ. 5601 (PGG), 2022 WL 355759, *12 (S.D.N.Y. Feb. 4, 2022) (staying discovery pending resolution of motions to dismiss for lack of subject matter jurisdiction).

Here, Liberty University has raised First Amendment defenses going to the heart of the Court's subject matter jurisdiction. (*See* dkt. 12, MTD Memorandum, 14-17 (noting that it has been settled for over 150 years that the First Amendment ecclesiastical abstention doctrine prohibits Article III courts from entertaining suits arising specifically from the religious doctrinal positions, as such decisions are exclusively within the province of the church); 24-37 (ministerial exception operates as a jurisdictional bar to suit).) Because those questions must, of necessity, be decided before proceeding to discovery or a merits determination, the Court should grant Liberty University's requested stay. *See, e.g.*, *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999) ("The existence of subject matter jurisdiction is a threshold issue, which this court must address before addressing the merits of [plaintiff's] claim."); *Maret v. Jacob*, No. GJH-20-2417, 2021 WL 347841, *2 (D. Md. Feb. 2, 2021) (same).

### 2. Significant and binding precedent demonstrates the substantial likelihood of success on Liberty University's motion.

As Liberty University demonstrated in its moving papers, Liberty University's decision to terminate Plaintiff's employment was based upon its sincerely held religious beliefs. (Dkt. 12,

MTD Memorandum, at 6-17, 24-37.) Liberty University requires all employees to acknowledge its sincere religious convictions articulated in the Doctrinal Statement and to abide by those religious beliefs as a condition of employment. (*E.g.*, dkt. 12, MTD Memorandum, at 11.) Under the statutory exemptions outlined in Title VII, Liberty University is exempt from employment discrimination claims as a religious institution generally, 42 U.S.C. §2000e-1(a), and as a religious educational institution specifically, 42 U.S.C. §2000e-2(e). (Dkt. 12, MTD Memorandum, at 7-14.) Liberty University's exemptions from employment discrimination claims, such as Plaintiff's claims here, is a matter of unequivocal statutory text. (Dkt. 12, MTD Memorandum, at 7-14.)

Liberty University is also immune from Plaintiff's claims under the First Amendment ministerial exception and ecclesiastical abstention doctrines because to adjudicate Plaintiff's claims would require the Court to impermissibly inquire into the validity of Liberty University's religious beliefs, doctrine, and employment requirements, which is an endeavor the First Amendment plainly prohibits. (Dkt. 12, MTD Memorandum, at 14-17, 24-37.) Liberty University is also entitled to associate with individuals, including employees, that align with its religious convictions under the First Amendment. (Dkt. 12, MTD Memorandum, at 37-40.) Finally, Liberty University is entitled to employ and retain individuals who share its religious convictions, beliefs, and employment requirements under the federal Religious Freedom Restoration Act, 42 U.S.C. §2000bb-1. (Dkt. 12, MTD Memorandum, at 18-24.)

These statutory and constitutional defenses applicable to Liberty University in this matter are case dispositive. As a matter of plain text, Liberty University is exempt from Title VII claims where, as here, the employment decision was based upon its religious convictions. Additionally, the constitutional defenses applicable to Liberty University under the ministerial exception, ecclesiastical abstention, and right of association are well established and entrenched in significant

and binding precedent. Simply put, Liberty University has raised significant constitutional and statutory defenses that are well grounded in binding precedent, the text of the relevant statutes, and controlling authority. As such, its dispositive motion is substantially grounded in the law and warrants a stay of discovery while this Court adjudicates that motion.

### 3. Merits discovery is unnecessary to the adjudication of Liberty University motion.

Liberty University maintains that the factual allegations of Plaintiff's Complaint, together with the materials that this Court can consider in the adjudication of Liberty University's motion to dismiss (*see, e.g.*, dkt. 12, MTD Memorandum, at 3 n.1, 6 n.2, 37), are plainly sufficient for the Court to determine that Zinski's employment falls within the ministerial exception. However, as discussed more fully in Liberty University's moving papers, the only relevant discovery (if any) that can permissibly take place prior to adjudicating the motion to dismiss would be limited. Should the Court determine that more factual development is necessary for the determination of the ministerial exception, the issue is jurisdictional in nature, concerns the Court's subject matter jurisdiction, and must be adjudicated by a separate evidentiary hearing on that isolated issue prior to full discovery being permitted to commence. *See, e.g.*, *Kerns v. United States*, 585 F,3d 187, 192 (4th Cir. 2009) ("If the defendant challenges the factual predicate of subject matter jurisdiction, 'a trial court may then go beyond the allegations of a complaint *and in an evidentiary hearing* determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)) (emphasis original). *See also Brooks v. Branham*, 675 F. Supp. 3d 624, 632 (W.D. Va. 2023) (MOON, J.) (same). To the extent the Court determines more information is necessary, Liberty University requested that such information be determined with limited discovery on the jurisdictional issues alone and that it hold an evidentiary hearing on the limited jurisdictional issue

12

of the application of the ministerial exception. No further discovery is warranted or appropriate prior to the adjudication of Liberty University's motion.

### B. The Other Relevant Factors Necessitate Staying Discovery Pending Resolution of Liberty University's Motion to Dismiss.

"Several factors guide the court's analysis, none of which is dispositive alone," *Blankenship*, 2020 WL 748874, at *2, including

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances.

*Id.* (quoting *Citynet, LLC v. Frontier W. Va. Inc.*, No. 2:14-cv-15947, 2016 WL 6133844, at *1 (S.D.W. Va. 2016) (cleaned up)). Here, virtually every relevant consideration warrants staying discovery pending adjudication of Liberty University's Motion.

#### 1. Liberty University's motion presents strictly legal and jurisdictional challenges, rather than only the sufficiency of the allegations, warranting a stay.

Liberty University's motion to dismiss presents significant questions concerning the Court's subject matter jurisdiction (*see supra* Section II.A.1) and that Plaintiff fails to state a claim upon which relief can be granted on the basis of statutory exemptions under Title VII. (*See* dkt. 12.) The cases are legion where courts have held that discovery should be stayed pending resolution of a defendant's motion to dismiss for failure to state a claim. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins."); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (discovery is unnecessary for a motion to dismiss for failure to state a claim, and a stay

13

is appropriate when such a motion is filed); *id.* ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("the idea that discovery should be permitted before deciding a motion to dismiss 'is unsupported and defies common sense because the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery'" (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (motions to stay discovery should be permitted when a motion to dismiss for failure to state a claim "does not appear to be without foundation in law" and presents "substantial grounds" for dismissal); *Richards v. North Shore Long Island Jewish Health Sys., Inc.*, No. CV 10-4544(LDW)(ETB), 2011 WL 4407518, *2 (E.D.N.Y. Sept. 21, 2011) (motion to stay discovery should be granted if defendant can make some showing that plaintiff's action is at least of "questionable merit"); *ITT Corp. v. Travelers Casualty & Surety Co.*, No. 2:12CV38(RNC), 2012 WL 2944357, *3 (D. Conn. July 18, 2012) (if motion to dismiss for failure to state a claim presents "substantial" arguments for dismissal, stay of discovery is appropriate); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076, *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where defendant puts forth "multiple independent argument for dismissal and the motion appears not to be unfounded in the law").

> **2. The nature of the inquiry required in discovery, involving constitutionally prohibited inquiries into Liberty University's religious beliefs, warrants staying discovery pending resolution of the motion.**

This is not a complex matter, as it involves a single-count complaint alleging a violation of Title VII. (*See* dkt. 1, Compl. ¶¶20-24.) However, that the matter is not complex does not

diminish the fact that the nature of the action necessitates that discovery will involve the constitutionally prohibited inquiry into Liberty University's religious beliefs. As discussed more fully in Liberty University's moving papers (dkt. 12, MTD Memorandum, at 14-17, 24-37), it is well-settled that a ministry such as Liberty University has the absolute right under the First Amendment to require that its employees adhere to its religious doctrine and terminate those who depart from it. *See, e.g.*, *Serbian E. Orthodox Diocese for U.S.A. & Canada v. Milivojevich*, 426 U.S. 696, 709 (1976) ("the First and Fourteenth Amendments mandate that civil courts shall not disturb the decisions of the highest ecclesiastical tribunal within a church of hierarchical polity, but must accept such decisions as binding on them, in their application to the religious issues of doctrine and polity before them"); *Bell v. Presbyterian Church (U.S.A.)*, 126 F.3d 328, 331 (4th Cir. 1997) ("decisions of religious entities about the appointment and removal of ministers and persons in other positions of similar theological significance are beyond the ken of civil courts. Rather, such courts must defer to the religious organizations on matters of discipline, faith, internal organization, or ecclesiastical rule, custom, or law."). Yet, Plaintiff's single-count Complaint in this matter necessarily dictates inquiring into Liberty University's religiously grounded employment decisions. That constitutionally infirm probing warrants a stay while this Court adjudicates Liberty University's dispositive motion.

### 3. The posture and infant stage of the proceeding warrant staying discovery.

The infant stage and posture of the instant proceedings also warrants a finding that a stay is appropriate. *See Rowe v. Citibank N.A.*, 2015 WL 1781559, *2 (S.D. W. Va. Apr. 17, 2015). *See also United States v. Gazette Co.*, No. 2:07-0329, 2007 WL 7575700, *2 (S.D. W. Va. Oct. 18, 2007) (staying discovery for a case in its infancy does not prejudice nonmoving party);

*Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, *2 (S.D.W. Va. Feb. 13, 2020) ("Granting a stay is more appropriate when the action is early in the litigation process.").

> **4. Other relevant considerations, such as the likelihood of interlocutory appeals from this Court's adjudication of Liberty University's motion, warrant staying discovery.**

Regardless of the decision reached on Liberty University's motion, which binding and significant precedent dictates should be granted, an appeal from that decision is substantially likely and further warrants a stay of discovery in this matter. As Liberty University explained in its moving papers, Plaintiff accepted employment at Liberty University for the purpose of executing his plan to deny his God-given sex in contravention to the Doctrinal Statement Plaintiff acknowledged and was four months into a hormone regimen that specifically contradicts and conflicted with an employment requirement that Plaintiff knew Liberty University considered as a condition of employment. (Dkt. 12, MTD Memorandum, at 7.) And, Plaintiff's plan included his deceptive acceptance, acknowledgement, and acquiescence to a document indicating compliance with Liberty University's religious employment requirements. (*Id.*) Plaintiff flouted Liberty University's sincere religious convictions and practices in order to bring this case to the Court. Should the Court grant Liberty University's motion, as it must, Plaintiff is substantially likely to appeal that dispositive and case-ending decision, which he has a statutory right to do. 28 U.S.C. §1291.

And, should the Court disagree with the defenses and authorities raised by Liberty University and deny its Motion, which it should not, it is also inevitable that Liberty University will avail itself of an immediate and interlocutory appeal of any adverse decision implicating its fundamental First Amendment liberties. Liberty University's defenses—including, *inter alia*, the ministerial exception defenses—provide Liberty University with a right to immediate appeal. *See*

*Kennedy v. St. Joseph's Ministry, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011) (noting that the First Amendment ministerial exception is a collateral order subject to immediate appeal); *id.* ("First, the requirements of § 1292(b) are clearly satisfied in this case. That provision provides that certification by a district court is appropriate if the district court's order involves a controlling question of law as to which there is substantial ground for difference of opinion" and "immediate appeal may materially advance the ultimate termination of the litigation. Both requirements are met in this case. We are faced with a pure question of law and our resolution of it terminates the case. It was thus properly within our discretion to permit the appeal. Nothing has changed since we granted permission to appeal which causes § 1292(b) to be inapplicable." (cleaned up)).

Because either party is likely to appeal the Court's ultimate decision on Liberty University's motion to dismiss, the Court will be divested of jurisdiction, as a matter of law, over those aspects of the litigation that pertain to the appeal. *E.g.*, *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the cases involved in the appeal.'" (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 57 (1982)). And, because the Court would be divested of jurisdiction over this matter, discovery would necessarily be precluded during the pendency of any interlocutory appeal. *E.g.*, *Doe v. Public Citizen*, 746 F.3d 246, 258 (4th Cir. 2014). This further warrants staying proceedings because any discovery will be inevitably precluded during the appeal because it "fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Id.* Thus, this Court should stay the proceedings pending resolution of Liberty University's motion to dismiss.

## CONCLUSION

For the foregoing reasons and because all factors under every test for determining a stay of discovery warrant a stay, Defendant Liberty University respectfully requests that this Court stay discovery pending resolution of its Motion to Dismiss. (Dkt. 11.)

Respectfully submitted,

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Daniel J. Schmid (VA Bar 84415)
*Attorneys for Defendant Liberty University, Inc.*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Email: court@LC.org
       hmihet@LC.org
       dschmid@LC.org

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2024, I caused a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic notification system.

/s/ Daniel J. Schmid
Daniel J. Schmid