CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/6/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| **ELLENOR ZINSKI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 6:24-cv-41 |
| ) | |
| **LIBERTY UNIVERSITY, INC.** ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on Defendant Liberty University's ("Liberty") Motion to Stay Discovery pending the adjudication of its motion to dismiss. ECF No. 25. Plaintiff Ellenor Zinski ("Ms. Zinski") filed a Response in Opposition, ECF No. 28, and Liberty filed a Reply, ECF No. 30. The parties did not request a hearing on the matter. *See* ECF No. 31. The issue has been fully briefed and a hearing would not aid in the decisional process. For the foregoing reasons, Liberty's Motion to Stay is **DENIED**.

On July 29, 2024, Ms. Zinski initiated this lawsuit by filing a complaint alleging that she was unlawfully terminated by Liberty University based on her sex, specifically because she is a transgender woman. ECF No. 1, ¶ 1–3. On October 3, 2024, Liberty filed a Motion to Dismiss. ECF No. 11. On October 8, 2024, Presiding District Judge Moon issued a Pretrial Order setting discovery deadlines. ECF No. 15. This case is not currently set for trial.

District courts are afforded "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). The court has the inherent authority to stay discovery, deriving from its inherent authority to control and manage its own docket. *See Nuqul v. State Farm Mut. Auto. Ins.*

*Co.*, No. 7:24-CV-51, 2024 WL 1661237, at *1 (E.D.N.C. Apr. 18, 2024). The court may also stay discovery for good cause under Rule 26(c) of the Federal Rules of Civil Procedure to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." *See Baltimore Gas & Elec. Co. v. Rand Constr. Co.*, No. 1:24-1467, 2024 WL 4349641, at *2 (D. Md. Sept. 30, 2024). Good cause under Rule 26(c) is a high standard and requires the movant to offer particular and specific facts demonstrating why a stay should issue. *See Small v. Ramsey*, 280 F.R.D. 264, 269 (N.D. W. Va. 2012).

Motions to stay discovery are "generally disfavored because delaying discovery may cause case management problems as the case progresses." *Bennett v. Fastenal Co.*, 7:15-cv-543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016); *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988) ("the Court needs to remain mindful of its responsibility to expedite discovery and minimize delay"). It is not uncommon for courts to stay discovery pending the resolution of a dispositive motion, but the mere filing of a dispositive motion does not automatically warrant a stay. *See Baltimore Gas & Elec. Co.*, 2024 WL 4349641, at *3; *Small*, 280 F.R.D. at 269. When a dispositive motion is pending, the court must balance "the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

There is no singular test in determining whether to grant a stay of discovery. Here, the parties consider multiple factors such as (1) the interests of judicial economy, (2) the hardship to the moving party in the absence of a stay, (3) the potential prejudice to the non-moving party in the event of a stay, (4) the nature of the pending motion to dismiss, (5) whether discovery is necessary to adjudicate the pending motion to dismiss, (6) the

2

nature and complexity of the action, (7) the expected extent of discovery, and (8) the current posture of the litigation.

Considering the arguments of both parties supporting their respective positions, I find that the balance of factors weighs against staying discovery. First, a stay would not promote judicial economy. I agree with Ms. Zinski that delaying discovery may create potential spoliation issues, as witnesses' recollections could fade and documents could be lost in the meantime. ECF No. 28 at 12. In the undersigned's experience, staying discovery for an indefinite period causes case management problems down the road, which frustrates the court's management of its docket. As Judge Eliason put it:

> Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering.

*Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988).

Liberty forecasts that an appeal of the presiding District Judge's ruling on the motion to dismiss is very likely, regardless of the outcome, because it has a "right to immediate appeal." *See* ECF No. 26 at 16–17. Liberty argues that a stay at this juncture advances judicial economy because, if the appeal were to proceed, this Court would be divested of jurisdiction over the case and "discovery would be precluded during the pendency of the appeal." *Id.* at 17.

Liberty's assertions are not grounded in the law.[1] First, Liberty cites to *Kennedy v. St. Joseph's Ministries, Inc.* for the proposition that it has a right to immediately appeal

---

[1] The Court admonishes Liberty for repeatedly citing and quoting from cases in briefing that do not support the proposition asserted. The court provides a warning that such conduct is sanctionable under Rule 11(b)–(c) of the Federal Rules of Civil Procedure.

3

the ruling on the pending motion to dismiss. *Id.* at 16–17; 657 F.3d 189, 195 (4th Cir. 2011). This is incorrect. In *Kennedy*, the Fourth Circuit held that the requirements for interlocutory appeal under 28 U.S.C. § 1292(b) were satisfied because the question of whether religious organizations were exempted from religious harassment and retaliation claims under Title VII's religious exemption was a pure question of law, the resolution of which would terminate the case. *Kennedy*, 657 F.3d at 195. The Court did not hold that the ministerial exception or ecclesiastical abstention defenses provide religious organizations with an immediate right to interlocutory appeal as Liberty asserts in its briefing.[2] To the contrary, "[a]n interlocutory order, which does not conclude all issues in a case, is not usually immediately appealable." *Garrick v. Moody Bible Inst.*, 95 F.4th 1104, 1110 (7th Cir. 2024) (citing *Dupree v. Younger*, 598 U.S. 729, 735 (2023)).

Second, Liberty claims that discovery automatically would be halted during an appeal. *See* ECF No. 26 at 17. This is not the case. Congress explicitly states that an application for interlocutory appeal "shall not stay proceedings in the district court" unless a district or circuit judge so orders. 28 U.S.C. § 1292(b). A petitioner seeking interlocutory appeal "does not enjoy an automatic stay as a right." *Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019). Even if Liberty satisfies the requirements of interlocutory appeal under § 1292(b) by requesting and obtaining certification from the

---

[2] On the contrary, several courts have held that this question is not appropriate for interlocutory appeal. *See, e.g., Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1025 (10th Cir. 2022) (holding appeal of denial of summary judgment on the ministerial exception defense not permitted under collateral order doctrine); *Belya v. Kapral*, 45 F.4th 621 (2d Cir. 2022) (same for appeal of denial of motion to dismiss on church autonomy defense); *Garrick v. Moody Bible Inst.*, 95 F.4th 1104 (7th Cir. 2024) (same); *Redhead v. Conf. of Seventh-day Adventists*, 566 F. Supp. 2d 125 (E.D.N.Y. 2008) (denying certification under § 1292(b) for denial of summary judgement based on ministerial exception in Title VII case); *Lishu Yin v. Columbia Int'l Univ.*, No. 3:15-cv-03656, 2017 WL 4296428 (D.S.C. 2017) (same for denial of motion to dismiss based on ministerial exception in Title VII case).

4

presiding District Judge and permission by the Court of Appeals, it is not inevitable that discovery will be stayed, counseling against staying discovery at this time.

Next, Liberty argues that a stay of discovery is warranted based on the dispositive nature of its motion to dismiss, wherein it argues that the court lacks subject matter jurisdiction over this dispute under the ministerial exception and the ecclesiastical abstention doctrine. *See* ECF No. 26 at 7–10. Liberty further argues a stay is warranted because its motion to dismiss is likely to succeed on the merits. *See id*. at 10–12. Conversely, Ms. Zinski argues that Liberty's motion to dismiss does not implicate the court's jurisdiction because the ministerial exception and ecclesiastical abstention doctrine are affirmative defenses, not jurisdictional bars; she further argues that this case is properly before the court because it can be decided "without resolving an ecclesiastical controversy." *See* ECF No. 28 at 4–6 (quoting *Dixon v. Edwards*, 290 F.3d 699, 714 (4th Cir. 2002)).

I decline to base my decision on the merits of these arguments because they are reserved for the presiding District Judge in the first instance. *See BAE Syss. Ordnance Syss., Inc. v. Fluor Fed. Sols., LLC*, No. 7:20-cv-587, 2021 WL 6134685, *1 n.2 (W.D. Va. Dec. 29, 2021) (Magistrate Judge declining to consider motion to dismiss arguments when ruling on motion to stay to reserve dispositive arguments for the District Judge). It cannot be said whether dismissal is likely at this time, weighing against staying discovery. *See Bennett v. Fastenal Co.*, No. 7:15-cv-543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) (declining to stay discovery because no clear likelihood of dismissal). On the contrary, some discovery may be important for Ms. Zinski to defend against Liberty's jurisdictional arguments, for example, to determine whether the decision for her

termination is intertwined with an ecclesiastical controversy.[3] *See Dixon*, 290 F.3d at 714 (holding that civil courts may properly exercise jurisdiction over disputes where a church is a party if it does not implicate an ecclesiastical controversy); *E.E.O.C. v. Roman Cath. Diocese of Raleigh, N.C.*, 213 F.3d 795, 801 (4th Cir. 2000) (describing the application of the ministerial exception as a "fact-specific inquiry" to determine if a spiritual function is involved).

Considering the balance of hardships between the parties, I find that any potential hardship Liberty may face is minimal and outweighed by the hardship Ms. Zinski would face in the stay were granted. In its briefing, Liberty repeatedly makes the blanket assertion that it would suffer a "significant and constitutionally impermissible hardship" in the absence of a stay because it would be "forced" to respond to "probing inquiries regarding its religious beliefs, mission, and employment decisions," which it argues intrudes on its First Amendment religious freedoms. ECF No. 26 at 3–4; ECF No 30 at 2, 5. It quotes *Elrod v. Burns* for the proposition that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." 427 U.S. 347, 373 (1976); ECF No. 26 at 4.

On several occasions, the Supreme Court has spoken on the issue of whether discovery impermissibly infringes on one's First Amendment rights.[4] However, the undersigned is unaware of any cases addressing Liberty's particular claim—that

---

[3] Briefing has concluded for the pending motion to dismiss; however, the parties may still request a hearing on the motion where discovery could be useful.

[4] For example, the Court has held that compelled disclosure of a group's membership list could infringe on the First Amendment right to freedom of association, *e.g., Nat. Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462–63, 466 (1958); that protective orders limiting the dissemination of pre-trial discovery materials do not offend the First Amendment right to freedom of expression, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31–34 (1984); and that disclosure of editorial process materials does not violate the First Amendment right to freedom of speech or freedom of press, *Herbert v. Lando*, 441 U.S. 153, 169–75 (1979).

6

permitting *any* discovery would cause it to lose its First Amendment religious freedoms. Liberty cites to *Blankenship v. Trump* to support its proposition, but the First Amendment right at issue there was the freedom of speech, not rights under the Free Exercise or Establishment Clause. No. 2:19-cv-00549, 2020 WL 748874, at *2 (S.D.W. Va. Feb. 13, 2020).

The Fifth Circuit in *Whole Woman's Health v. Smith* suggested that the compelled disclosure of internal documents from a third-party religious organization could cause "free exercise and establishment clause problems" because it could interfere with the organization's "decision-making processes on a matter of intense doctrinal concern" and "induce similar ongoing intrusions against religious bodies' self-government." 896 F.3d 362, 373 (5th Cir. 2018), *as revised* (July 17, 2018). However, this case is not persuasive. First, it is out-of-circuit and not binding on this court. Even if it were, the court's First Amendment discussion is dicta; relying upon the doctrine of constitutional avoidance, the court's decision to reverse the discovery order was based on the undue burden test under Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). *Id.* at 374 ("We need not and do not finally resolve whether the order enforcing discovery of the internal emails violated [the religious organization's] constitutional rights."). I decline to rely on dictum of an out-of-circuit opinion that is potentially overbroad and misleading on an important constitutional issue. *See id.* ("The rule of constitutional avoidance prevents courts from issuing unnecessary and potentially overbroad or misleading rulings on constitutional issues.").

Rule 26(b) of the Federal Rules of Civil Procedure affords litigants a broad right to discovery, allowing a party to discovery any relevant matter that is not privileged. Liberty's argument could be interpreted as asserting an evidentiary privilege for religious organizations because it contends that the ecclesiastic abstention doctrine and the

7

ministerial exception bars the Court and Ms. Zinksi from inquiring into Liberty's religious justifications for Ms. Zinski's termination. *See* ECF No. 26 at 2. However, evidentiary privileges are disfavored. *See Herbert v. Lando*, 441 U.S. 153, 175 (1979). If Liberty is arguing that its defenses to liability constitute evidentiary privileges, it is mistaken. In *North Carolina Electric Membership Corporation v. Carolina Power & Light Company*, the defendants argued that the Noerr-Pennington doctrine, an affirmative defense to anti-trust liability, also functioned as a bar to discovery. 666 F.2d 50, 52 (4th Cir. 1981). The Fourth Circuit disagreed and held that the affirmative defense did not apply to discovery because it is not a "privilege" that would exempt relevant evidence from the broad scope of Rule 26(b). *See id.* at 53. So too here. If the ministerial exception and ecclesiastical abstention doctrine are affirmative defenses that exempt Liberty from liability for their employment decisions, it is inappropriate to conclude that these defenses also function as a total bar on discovery of relevant evidence.

    For these reasons, the "hardship" Liberty claims it will face vis-à-vis a purported First Amendment intrusion is misplaced. Conversely, I find that Ms. Zinski could face hardship by the potential spoliation of evidence and by being precluded from developing facts that would help determine whether the ministerial exception or ecclesiastical abstention doctrine apply to this case. While Liberty may face some hardship in protecting certain information that it does not want Ms. Zinski to have, I find it premature to grant a wholesale stay of discovery—tantamount to a stay of litigation—based on hypothetically intrusive discovery requests. It is not clear that Ms. Zinski will request the discovery that Liberty seeks to protect because she is not asking the court "to weigh in on matters of ecclesiastical concern, such as theological controversy, church discipline, or church government." ECF No. 28 at 9. Ms. Zinski represents that the nature of her

8

discovery requests will largely pertain to the facts surrounding her termination and the nature of her employment, and that she intends to honor "her responsibilities under the Federal Rules of Civil Procedure and the U.S. Constitution by seeking only that discovery which is permitted under those laws." *Id.* at 9. If a concrete discovery issue arises during litigation, Liberty can address it with an appropriate motion under the Federal Rules of Civil Procedure.

Finally, the anticipated discovery is not expected to be voluminous, complex, or costly. This case involves a single plaintiff, a single defendant, and a single claim. Ms. Zinski was only employed at Liberty University for seven months. *Id.* at 8. The parties agree that this case is straightforward, so discovery should not be resource intensive, cutting against the need for a stay. ECF Nos. 26 at 14–15; 28 at 14.

In weighing the benefits and burdens of a stay, I find that the balance of factors weighs against granting a stay of discovery at this time. Therefore, Liberty's Motion to Stay Discovery, ECF No. 25, is **DENIED**.

It is so **ORDERED**.

Entered: January 3, 2025

Honorable C. Kailani Memmer
United States Magistrate Judge