# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

| | |
|---|---|
| **ELLENOR ZINSKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. **6:24-cv-41-NKM** |
| | ) |
| **LIBERTY UNIVERSITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT LIBERTY UNIVERSITY'S RESPONSE OPPOSING
### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant, Liberty University, Inc., pursuant to Fed. R. Civ. P. 26(c)(1) and W.D. Va. Civ. R. 11(c), hereby responds in opposition to Plaintiff's Motion to Compel Discovery. (ECF No. 44.) For the reasons that follow, the Motion should be denied.

### INTRODUCTION

From Plaintiff's initiation of this action, Liberty University has been participating in and engaging in all aspects of this matter. And, notwithstanding its significant and constitutionally grounded objections to Plaintiff's claims against it, Liberty University has been satisfying its obligations throughout this matter. As Plaintiff's own Motion acknowledges, Liberty University participated in the Rule 26(f) conference. (*See* ECF No. 45, 2.) Because the Court had not ruled on Liberty University's Motion to Stay Discovery at that time, Liberty University exchanged Initial Disclosures, as contemplated by the Court's scheduling order (ECF No. 15.) (*See* ECF No. 45, 2.) Knowing that Liberty University's Motion to Stay Discovery was pending before the Court and on the same day Plaintiff served Plaintiff's response opposing Liberty University's Motion to Stay, Plaintiff served Plaintiff's First Request for Production of Documents. (*See id.*; ECF No. 45-1.) Notwithstanding its continued assertion of constitutionally grounded defenses and objections

to Plaintiff's claims in this matter, Liberty University participated in and satisfied its obligations to timely provide Responses and Objections to Plaintiff's document requests. (*See* ECF No. 45, 2; ECF No. 45-2.) Thus, as Plaintiff's own Motion to Compel plainly indicates, Liberty University has been actively participating in discovery in this matter despite its claims that the First Amendment prohibits the Court from imposing those obligations in Liberty University.

Indeed, as Plaintiff's Motion demonstrates, counsel for both Parties have communicated frequently on various matters. (*See* ECF No. 45-3.)

The Court denied Liberty University's Motion to Dismiss (*see* ECF No. 37, 38) on February 21, 2025. At that time, Liberty University's objections to the Magistrate's prior order concerning its motion to stay discovery was still pending, as Plaintiff's Motion acknowledges. (*See* ECF No. 45, 2 n.1.) Shortly after the Court's denial of Liberty University's Motion to Dismiss, Liberty University availed itself of the option to appeal the Court's decision, and simultaneously filed a Motion to Certify Interlocutory Appeal. (ECF No. 40, 41.)

No trial has been set in this matter, and Liberty University's requests for modest delays and concessions from Plaintiffs are reasonable and grounded in law. Indeed, the deadline for discovery to be completed is contingent upon the setting of a trial, which has not happened and which Plaintiff had left languishing for many months prior to demanding Liberty University meet its arbitrary demands. (*See* ECF No. 15.) Defendant continued to communicate with Plaintiff, despite the pending objections and despite the lack of any urgency, even leading up to Plaintiff's Motion. (ECF No. 45-3, 2.)

On February 7, 2025, Plaintiff inquired as to the status of discovery productions, and Defendant promptly responded to such inquiries. (ECF No. 45-3, 2.) In that response, Defendant provided an update on the progress of discovery efforts. (*Id.*) At no time between February 7 and

2

March 7 when Plaintiff filed Plaintiff's Motion, did Plaintiff indicate, suggest, or otherwise seek to meet and confer with Liberty University concerning the outstanding discovery issues over which there has been substantial objections provided.

Nevertheless, on March 7, 2025, without warning, notice, or conferral with Liberty University, Plaintiff filed the Motion to Compel that is the subject of this opposition. (ECF No. 44.) And, Plaintiff filed that Motion notwithstanding the fact that the Parties were actively communicating with the Court concerning setting a status conference to discuss various matters.

Plaintiff's Motion is procedurally deficient, does not comply with the plain text of the Rules, and cannot be considered. The Motion should be denied.

## ARGUMENT

I.  **Plaintiff's Motion Must Be Denied Because It Is Procedurally Improper, Non-Compliant With The Plain Text Of The Rules.**

   A.  **Rule 37 explicitly requires that a party moving to compel meet and confer with the non-moving party prior to seeking court intervention and include a certification that such meet-and-confer took place.**

Rule 37 states,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). *See also Carnell Constr. Corp. v. Danville Redev. & Housing Auth.*, 2011 WL 13243930, *2 (W.D. Va. Mar. 23, 2011) ("Rule 37(a)(1) states that a motion to compel must include a certification that the moving party has attempted to revolve the dispute without court action."); *Reed v. Beverly Hills Porsche*, 2017 WL 11495243, *1 (W.D. Va. Nov. 22, 2017) (same). Plaintiff's Motion does not include any certification that Plaintiff attempted in good faith to meet and confer with counsel for Defendant before filing the Motion. And, the reason is for that

3

is simple: Plaintiff did not attempt to meet and confer, did not ask to meet and confer, and did not meet and confer prior to filing the Motion. *That alone warrants denial of Plaintiff's Motion*.

### B. The meet-and-confer requirement is plainly not satisfied by a mere email demanding production of documents.

Plaintiff submits to the Court a simple email demanding compliance with discovery requests, and *nothing more*. That is insufficient to satisfy the meet-and-confer obligations. Rule 37'a meet-and-confer obligations require the parties to "meet, in person or via telephone, and make genuine efforts at resolving the dispute" prior to filing the motion. *Reed v. Beverly Hills Porsche*, 2017 WL 11495243, *1 (W.D. Va. Nov. 22, 2017). *See also Tustin v. Motorists Mut. Ins. Co.*, 2009 WL 3335060, *13 (D. Md. Oct. 14, 2009) (same).

Indeed, when presented with virtually identical assertions of satisfaction of the meet-and-confer requirement, numerous courts—including this Court—have held that a mere email is insufficient. *E.g.*, *Reed v. Beverly Hills Porsche*, 2017 WL 11495243, *1 ("simply exchanging emails or letters, demanding compliance with discovery requests, or merely stating that the parties have met and conferred do not satisfy Rule 37(a)(1)."); *Carnell Constr. Corp. v. Danville Redev. & Housing Auth.*, 2011 WL 13243930, *2 (finding attempted conferral was not sufficient when done "through mere email correspondence prior to filing the motion to compel"); *Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. Sept. 22, 2009) ("the only effort he indicated was the e-mail he sent on July 31, 2009. Defense counsel disregarded Plaintiffs' counsel's suggestion that the parties schedule a conference call to address the discovery schedule. Indeed, Defense counsel moved for sanctions on the next business day after he sent the e-mail. Therefore, notwithstanding his certification, Defense counsel did not make a good faith effort."); *Parker v. United States*, 2016 WL 7383833, *1 (D. Md. Dec. 20, 2016) ("Emails or letters sent as reminders that the requested information has not been provided are not an attempted conference between parties. Thus, because

4

Defendant has not provided the Court with anything more than such emails reminding Plaintiff that her responses to discovery are overdue, Defendant's efforts do not satisfy Fed. R. Civ. P. 37(a)(1)."); *Pro Fit Mgmt, Inc. v. Lade of America Franchise Corp.*, 2011 WL 5825423, *1 (D. Kan. Nov. 17, 2011) ("Meet and confer requirements are not satisfied 'by requesting or demanding compliance with the requests for discovery.'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)).

Plaintiff's only submission to the Court is that Plaintiff's counsel sent an email requesting information on when documents would be forthcoming. (*See* ECF No. 45-3.) *Nothing more*. Plaintiff did not ask to meet and confer, did not request to schedule a meet and confer, and did not meet and confer. Plaintiff has not—because Plaintiff cannot—demonstrate that Plaintiff even informed Liberty University that it was contemplating a Motion to Compel, much less indicated that it was filing one. Plaintiff did not include the Rule 37 certification because Plaintiff cannot certify that Plaintiff attempted any in person or telephonic meet and confer. Plaintiff sent an email. That is insufficient, and Plaintiff's motion should be denied.

### C. Because Plaintiff failed to comply with the unequivocal obligations of the Rules, the Motion must be denied.

Courts routinely deny motions to compel when the moving party fails to include a certification that it has conferred in good faith to resolve the matter without court intervention. *Carnell Constr. Corp.*, 2011 WL 13243930, *2 ("Courts within this circuit have denied motions to compel and declined to award sanctions to parties who failed to provide a certification pursuant to Rule 37(a)(1)."); *Reed v. Beverly Hills Porsche*, 2017 WL 11495243, *1 (W.D. Va. Nov. 22, 2017) ("I DENY Plaintiff's motion to compel because Plaintiff failed to certify that counsel have in good faith engaged in a meaningful meet and confer in an effort to resolve this discovery dispute without the involvement of the Court."). *See also Buchanan v. Cochran*, 2011 WL 810037, *2

5

(W.D.N.C. Mar. 2, 2011) ("[T]his Motion also does not contain the necessary certification from Plaintiff as required under Rule 37. Therefore, this second Motion to Compel will be denied."); *Moorehead v. Keller*, 2010 WL 4340697, *1 (W.D.N.C. Oct. 7, 2010) ("Plaintiff has not certified that he has conferred or attempted to confer with Defendant Brown. Plaintiff's motion is denied."); *Alberts v. Wheeling Jesuit Univ.*, 2010 WL 1539852, *3 (N.D.W. Va. Apr. 19, 2010) ("The failure to follow the requirement to confer, or attempt to confer, is grounds for the court to deny the motion to compel.").

Indeed, the Court should not even consider Plaintiff's Motion because of its procedural deficiencies and failure to comply with the Rules. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 585 (D. Md. 2010) ("In its Motion for Sanctions, Defendant moves for dismissal and, in the alternative, for the Court to compel Plaintiff to appear at a second deposition. However, Defense counsel has not complied with Fed. R. Civ. P. 37(a)(1) or Local Rule 104.7. Although she stated in two footnotes that she attempted to confer with Plaintiff's counsel about the documents Plaintiff did not produce . . . there is no Certificate of Good Faith Effort, nor other indication that Defense counsel conferred or attempted to confer with Plaintiff's counsel about Plaintiff's incomplete and evasive deposition responses. *Because Defense counsel has not complied with Rule 37(a)(1) or Local Rule 104.7, the Court will not consider Defendant's motion to compel*." (emphasis added).)

For the same reasons as these cases, Plaintiff's Motion is procedurally improper and defective. It must be denied.

### D. Because Plaintiff failed to comply with the unequivocal obligations of the Rule, Plaintiff's request for sanctions must be denied.

Plaintiff requests that this Court impose sanctions on Liberty University for the costs associated with preparing the motion to compel. (ECF No. 45, 5.) Because Plaintiff failed to comply with the plain text of the rule and the requirements to attempt to resolve the matter in good

6

faith, this Court has held that the request for sanctions must be denied. *See, e.g.*, *Carnell Constr. Corp.*, 2011 WL 13243930, *2 ("Courts within this circuit have denied motions to compel and declined to award sanctions to parties who failed to provide a certification pursuant to Rule 37(a)(1)."); *Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. Sept. 22, 2009) (denying sanctions when motion contained deficient certification).

And, it is no surprise that such sanctions have been denied. The plain text of the Rule requires that such motions be denied. Fed. R. Civ. P. 37(a)(5)(A) ("the court is *must not order* this payment [of sanctions] if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." (emphasis added)).

Additionally, any motion for costs and fees associated with a motion to compel must be denied if the non-moving party's objection was substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii). As demonstrated *infra*, Liberty University's basis for objecting to discovery was substantially grounded, was raised with the Court in attempts to stay discovery, and remains pending before this Court to this day concerning whether Liberty University should be required to engage in discovery while its interlocutory appeals pends.

For all those reasons, Plaintiff's attempt to impose sanctions and costs on Liberty University must be denied as a matter of the plain language of Rule 37.

## II. Plaintiff's Contentions For Why Production Must Be Compelled Are Substantively Meritless.

Plaintiff's only substantive reasons for Plaintiff's Motion are that Liberty University's appeal is unappealable, that Liberty University has not requested a stay, and Liberty University has not produced documents within thirty days. (ECF No. 45, 4.) *The first two are factually incorrect*, and the *third is legally irrelevant*.

7

First, Liberty University has filed a Notice of Appeal (ECF No. 40), which has been docketed with the Fourth Circuit. (*See* ECF No. 46.) And, it simultaneously filed a Motion to Certify Interlocutory Appeal, which is based in binding law concerning the granting of such Motion. (*See* ECF No. 41, 42.)

Second, as Ordered by the Court and discussed at the March 17 status conference (ECF No. 48), Liberty University has filed, simultaneously herewith, a Motion to Stay Discovery pending resolution of its interlocutory appeal.

Third, Liberty University is not required by the rule to produce documents within thirty day of the request. Rule 34 requires that the party to whom the request is directed "must *respond in writing within 30 days*." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). And, Plaintiff's Motion acknowledges that Liberty University complied with that obligation. (ECF No. 45, 2.)

As such, none of the substantive reasons that Plaintiff offers for Plaintiff's slapdash and procedurally deficient Motion have any merit. And, Liberty University has substantially grounded reasons for maintaining its objections and seeking the Court's stay pending its interlocutory appeal.

### A. Liberty University has raised significant, constitutionally grounded reasons for staying discovery pending resolution of its interlocutory appeal.

The dispositive nature of the defenses before the Court merit staying discovery pending Liberty University's interlocutory appeal, and Liberty University should not be compelled to comply with discovery obligations while motions to stay are pending or while the interlocutory appeal pends. "A district court has discretion to stay discovery pending the outcome of a dispositive motion." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, *2 (S.D.W. Va. Feb. 13, 2020). In fact, "[b]ecause the dispositive motion has the potential to dispose of the case without the need for further discovery, it falls within the court's discretion to stay discovery pending resolution of the dispositive motion." *Tilley v. United States*, 270 F. Supp. 2d 731, 735

8

n.1 (M.D.N.C. 2003). *See also Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."). Indeed, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001); *Nat'l Coatings & Supply Co. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, *1 (E.D.N.C. Oct. 5, 2020) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." (cleaned up)). And, staying discovery where—as here—a case dispositive appeal is pending "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *United States v. Daily Gazette Co.*, No. 2:07-0329, 2007 WL 7575700, *2 (S.D. W. Va. Oct. 18, 20017).

  Factors relevant to the consideration of a stay pending resolution of an interlocutory appeal whether that appeal might "terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Somie v. GEO Grp., Inc.*, No. 5:09-CT-3142-FL, 2011 WL 1831695, *2 (E.D.N.C. May 12, 2011). Here, all factors demonstrate why the stay is clearly appropriate.

  Numerous courts, including within the Fourth Circuit, have stayed discovery when a defendant raises serious and substantial questions concerning the court's jurisdiction in a dispositive motion. *See, e.g.*, *Sheehan v. United States*, No. 5:11CV170, 2012 WL 1142709, at *1 (N.D. W. Va. 2012) (noting that because issues of subject matter jurisdiction "are purely legal," a

9

motion to stay pending adjudication of a motion to dismiss on such grounds is warranted); *S.J. v. Lendlease (US) Public P'ship Holdings, LLC*, No. 7:21-CV-188-D, 2022 WL 138689, *2 (E.D.N.C. Jan. 13, 2022) (staying discovery pending resolution of a motion to dismiss on subject matter jurisdiction); *Bragg v. United States*, No. 2-10-0683, 2010 WL 3835080, *2 (S.D. W. Va. Sept. 29, 2010) (staying discovery pending resolution of a motion to dismiss on subject matter jurisdiction). *See also Sikhs for Justice v. Nath*, 893 F. Supp. 2d, 598, 619 (S.D.N.Y. 2012) ("Because the issue of subject matter jurisdiction is dispositive as to whether this action should proceed . . . the stay is granted."); *Estate of Paolello v. Providence Rest, Inc.*, No. 1:22-cv-9930 (JLR), 2023 WL 172200, at *1 (S.D.N.Y. Jan. 12, 2023) (finding "sufficient cause to stay this action pending decisions . . . which may bear on whether this Court has subject-matter jurisdiction over this case" (cleaned up)); *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (staying discovery pending resolution of motion to dismiss for lack of subject-matter jurisdiction where "an initial review of the arguments presented in its support suggest that none are frivolous and, because succeeding on each argument alone may warrant dismissal of . . . entire complaint"); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73–75 (S.D.N.Y. 2013) (staying discovery pending resolution of potentially dispositive motion to dismiss for lack of subject matter jurisdiction); *CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*, No. 21 Civ. 5601 (PGG), 2022 WL 355759, *12 (S.D.N.Y. Feb. 4, 2022) (staying discovery pending resolution of motions to dismiss for lack of subject matter jurisdiction).

Here, Liberty University has raised First Amendment defenses going to the heart of the Court's subject matter jurisdiction. (*See* ECF No. 12, 14-17 (noting that it has been settled for over 150 years that the First Amendment ecclesiastical abstention doctrine prohibits Article III courts

10

from entertaining suits arising specifically from the religious doctrinal positions, as such decisions are exclusively within the province of the church); 24-37 (ministerial exception operates as a jurisdictional bar to suit).)[1] Because those questions must, of necessity, be decided before proceeding to discovery or a merits determination, the Court should stay discovery pending resolution of Liberty University's interlocutory appeal. *See, e.g.*, *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999) ("The existence of subject matter jurisdiction is a threshold issue, which this court must address before addressing the merits of [plaintiff's] claim."); *Maret v. Jacob*, No. GJH-20-2417, 2021 WL 347841, *2 (D. Md. Feb. 2, 2021) (same).

Moreover, jurisdictional issues aside, every defense Liberty University raises in its appeal would resolve the case in its entirety. Prevailing on any one of Liberty University's five defenses would require wholesale dismissal of Plaintiff's one-count Complaint. That alone warrants a stay of discovery here. Liberty University has a right not to stand trial for its religiously based employment decisions, a case dispositive matter that must be addressed prior to further pre-trial litigation. "[A] motion that may resolve the entire action, or be fully dispositive as to at least one litigant, favors a stay." *Baltimore Gas & Elec. Co. v. Rand Const. Co.*, No. 1:24-1467-RDB, 2024 WL 4349641, *3 (D. Md. Sept. 30, 2024). *See also Orr v. Nat'l Rifle Assoc. of Am.*, No. 1:17-cv-157 (GBL/MSN), 2017 WL 11501503, *2 (E.D. Va. May 19, 2017) (granting stay of discovery pending potentially dispositive issues because it will "limit unnecessary discovery"); (*Dye v. U.S. Bank. Nat'l Ass'n*, No. 3:15-cv-82-RJC, 2015 WL 5326210, *1 (W.D.N.C. Sept. 11, 2015) (staying discovery pending potentially dispositive issues because they could dispose of the entire case)**.**

---

[1] Liberty University acknowledges that the Court disagreed with these assertions (ECF No. 37, Memorandum Opinion, 46-47), and that there is precedent suggesting the contrary. Nevertheless, Liberty University submits that the more reasoned authority on the question signifies that the issue is jurisdictional, and—as discussed *supra*—that issue is presently the subject of Liberty University's pending interlocutory appeal.

11

### B. Liberty University has demonstrated that the pending interlocutory appeal has divested this Court of jurisdiction to adjudicate Plaintiff's claims, including the compulsion of discovery related to those claims.

The filing of a notice of appeal is an event of jurisdictional significance and consequence, and no exceptions to this general rule apply here.[2]

As the Supreme Court has made clear,

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the courts of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also Grand Jury Proceedings Under Seal*, 947 F.2d at 1190 (same). Indeed, once an appeal is filed with the circuit court, it "strips the district court of jurisdiction to rule on *any matters* involved in the appeal." *Doe v. Public Citizen*, 749 F.3d at 258 (emphasis added). Liberty University's appeal is to all matters of its defenses that the Court rejected in its Order denying Liberty University's motion to dismiss, and thus all aspects of that decision are on appeal in the Fourth Circuit. That *alone* warrants a stay of discovery here, and a denial of Plaintiff's Motion to Compel.

---

[2] The rule of jurisdictional divestment is not without exceptions, but none of those exceptions are applicable here to staying discovery here, and none of the exceptions deprives the Court of jurisdiction to adjudicate Liberty University's Section 1292(b) motion. "One exception is the rule that a district court does not lose jurisdiction to proceed as to matters that aid in the appeal." *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991). Additionally, as the Fourth Circuit has recognized, "our case law amply demonstrates [that] these exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Here, notwithstanding the jurisdiction stripping nature of Liberty University's interlocutory appeal, which precludes discovery from going forward in this matter, Liberty University's Section 1292(b) Motion (ECF No. 41) may still be adjudicated because deciding that motion would not "alter the status of the case on appeal," *Public Citizen*, 749 F.3d at 249, but rather aid in the "division of labor between trial and appellate courts." *Id.* at 258.

Proceeding to discovery concerning claims that are no doubt subject to the interlocutory appeal would violate *Griggs*' plain holding. Indeed, "because the district court lacks jurisdiction over 'those aspects of the case involved in the appeal,' it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue." *Levin v. Alms & Assocs, Inc.*, 634 F.3d 260, 264 (4th Cir. 2011) (quoting *Griggs*, 459 U.S. at 58). "*That the present case involves only the continuation of discovery does not change that rationale. Discovery is a vital part of the litigation process and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction.*" *Id.* (emphasis added).

The questions at issue in Liberty University's appeal essentially ask the fundamental question of whether the case belongs in the district court at all. In such a scenario, "the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs*, 459 U.S. at 58). In essence, Liberty University's defenses compel an answer "to the question of whether 'the case should be litigated in the district court,'" which is "the mirror image of the question presented on appeal." *Id.* (quoting *Bradford-Scott Data Corp. v. Physician Computer Net., Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)).

As such, "continuation of proceedings in the district court 'largely defeats the point of the appeal." *Id.* (quoting *Bradford-Scott*, 128 F.3d at 505). Liberty University's interlocutory appeal would necessarily involve threshold questions of jurisdiction and whether Plaintiff's claims can proceed to discovery and a merits determination at all. Permitting discovery to commence when any such appeal is currently pending "is therefore like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible." *Id.* This is why "the background *Griggs* principle already requires an automatic stay of district court proceedings that relate to *any aspect of the case involved in the appeal*." *Id.* at 744 (emphasis added).

13

That Liberty University's appeal is interlocutory in nature in no way diminishes this jurisdictionally significant transfer of judicial power to the Fourth Circuit. *See, e.g.*, *El v. Clover Police Dep't*, 2014 WL 51234, *1 n.1 (D.S.C. Jan. 7, 2014) ("Generally, the filing of a notice of appeal, *including an interlocutory appeals*, confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." (emphasis added)); *Martin v. Seabolt*, 2024 WL 1256067, *2 (M.D.N.C. Mar. 25, 2024) (same); *Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993) (same). And, even aside from the general principle, where—as here—the aspects of the interlocutory appeal involve essentially the entire case, the interlocutory appeal divests the court of jurisdiction. *E.g.*, *McFayden v. Duke Univ.*, 2011 WL 13134315, *3 (M.D.N.C. June 9, 2011).

> in considering whether there are claims that are not included in the appeal for which discovery could proceed while the appeal is pending, the Court notes that A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal.... How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." Thus, discovery could potentially proceed as to the claims that are "legally distinct."

*Id.* (quoting *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007)). Here, the aspects of the case involved in Liberty University's appeal are universal to the entirety of the case and the question of whether discovery should proceed at all. Thus, the pending interlocutory appeal divested the Court of jurisdiction to oversee Zinski's claims—including the aspects of those claims for which discovery would be sought. Plaintiff's Motion should be denied.

Justice Jackson's dissent in *Coinbase* confirms this fact. Though disapproving of the rule, Justice Jackson noted what the Supreme Court's holding on stays of discovery pending appeal requires staying the entire case when the appeal involves the question of whether the claims should proceed at all:

14

> The majority opinion, however, transmogrifies *Griggs* into a sweeping stay of "pre-trial and trial proceedings" on not just arbitrability, but also the merits. According to the majority, if the question on appeal is "whether the litigation may go forward in the district court," then the district court loses control over "*the entire case*."
>
> That rule far surpasses the statement in *Griggs*—the sole statement on which the majority relies—that a district court loses "control over those aspects of the case involved in the appeal." . . . Only the arbitrability order is on appeal, not the merits. And those matters are distinct.

*Coinbase*, 599 U.S. at 755 (Jackson, J, dissenting) (cleaned up).

Liberty University's defenses here are much like those involved in questions of arbitrability (like *Coinbase*) or issues involving qualified immunity (like *Mitchell v. Forsyth*, *infra*). That is, the defenses arise in the context of the right not to be subjected to the invasive inquiries of discovery and trial. The Seventh Circuit's decision in *Apostol v. Gallion* is particularly instructive on this point. 870 F.2d 1335 (7th Cir. 1989). There, the Seventh Circuit started with the *Griggs* principle that a notice of appeal is jurisdictionally significant and deprives the district court of jurisdiction to entertain those aspects of a case that are properly included in the scope of the appeal. *Id.* at 1337. As is true here, the Seventh Circuit noted that "[t]he trial is inextricably tied to the question of immunity," *id.* at 1338, so that "question on appeal . . . is whether the defendant may be subjected to trial." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

> The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. . . . It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one. *Griggs* says that the notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Whether there shall be a trial is precisely the "aspect[ ] of the case involved in the appeal" under *Forsyth* appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appeal for trial.

*Id.* (cleaned up).

Much like qualified immunity, the ministerial exception and the Title VII exemptions grounded in the First Amendment implicate Liberty University's right not to stand trial at all. As

15

the Fourth Circuit has noted, the employment decisions of religious entities are totally "'beyond the ken of civil courts.'" *Billard*, 101 F.4th at 325 (quoting *Bell v. Presbyterian Church (U.S.A.)*, 126 F.3d 328, 331 (4th Cir. 1997)). As such, an appeal from any decision on that defense would necessarily involve the *entirety* of Plaintiff's case. Under *Coinbase* and *Griggs*, jurisdiction over those questions and the discovery that such questions entail is divested from the Court.

Here, the question involved in Liberty University's appeal is whether the litigation may go forward at all, and—more generally—whether it has a right not to stand trial for its religious employment decisions. (*See* dkt. 12, 7-40.) That appeal therefore deprives the Court of jurisdiction over "the entire case." *Coinbase*, 599 U.S. at 71. As such, it makes little sense and is jurisdictionally defective to proceed with discovery until the threshold questions are adjudicated. Such a stay "fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Doe v. Public Citizen*, 746 F.3d 246, 258 (4th Cir. 2014). Plaintiff's Motion to compel discovery while this dispositive appeal is pending should be denied**.**

### III. This Court Should Grant Liberty University The Costs Associated With Responding To Plaintiff's Frivolous And Procedurally Deficient Motion.

Because Plaintiff's Motion is procedurally deficient, cannot and should not even be considered, and cannot be granted as a matter of law, it is frivolous and requires the Court to grant Liberty University the costs and expenses of preparing this response. Fed. R. Civ. P. 37(a)(5)(B) (" If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fee."). *See also Performance Auto Grp., Inc. v. Fernandez*, 2021 WL 1910032, *1 (E.D.N.C. May 12, 2021) *Sharpe v. Best*, 2024 WL 2263376,

16

*6 n.7 ("Rule 37(a)(5)(B) entitled Defendants to recover the reasonable expenses, including attorney's fees, incurred in responding to the motion."); *Arch Coal Sales Co., Inc. v. Essar Steel Algoma, Inc.*, 2009 WL 10705069, *6 (S.D. W. Va. 2009) (ordering motion party who filed meritless motion to compel to pay attorney's fees and expenses incurred by non-moving party in responding to the motion).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery should be denied, and Liberty University awarded the costs of responding to Plaintiff's Motion.

Respectfully submitted,

/s/ Daniel J. Schmid
Mathew D. Staver*
Horatio G. Mihet*
Daniel J. Schmid (VA Bar 84415)
*Attorneys for Defendant Liberty University, Inc.*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Email: court@LC.org
         hmihet@LC.org
         dschmid@LC.org

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2025, I caused a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic notification system.

>/s/ Daniel J. Schmid
>Daniel J. Schmid