CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/13/2025

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| ELLENOR ZINSKI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: 6:24-cv-41 |
| | ) | |
| LIBERTY UNIVERSITY, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Pending before the court are Plaintiff's Motion to Compel, ECF No. 44, and Defendant's Motion to Stay Discovery Pending Resolution of its Interlocutory Appeal, ECF No. 52. Since these motions were filed, the presiding District Judge granted Defendant's Motion to Certify Interlocutory Appeal under 28 U.S.C. § 1292(b), ECF No. 58, and the United States Court of Appeals for the Fourth Circuit granted Defendant's petition for permission to appeal, ECF No. 64.

"One general rule in all cases (subject, however, to some qualifications) is that an appeal suspends the power of the court below to proceed further in the cause." *Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922). The purpose of this rule is to prevent "confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Under some limited exceptions to this general rule, the trial court may (1) take action to "preserve the status quo until [there is a] decision by the appellate court," (2) take action that is collateral to the appeal, or (3) take action that aids in the appellate process. *Newton*, 258 U.S. at 177; *Doe*, 749 F.3d at 258. The court will address the pending discovery motions to aid the appellate process. *See Wolfe v. Clarke*, 718 F.3d 277, 281 n.3

(4th Cir. 2013) (stating that a district court "addressing in the first instance a motion for stay pending appeal" after a notice of appeal has been filed aids in the appellate process).

Appeals pursuant to 28 U.S.C. § 1292(b) "shall not stay proceedings in the district court unless [otherwise ordered by] the district judge or the Court of Appeals." 28 U.S.C. § 1292(b).[1] Here, I find there is good cause to stay discovery pending the resolution of the appeal. This case involves a single-count employment discrimination claim; the question being appealed is whether Sections 702 and 703 of Title VII permits religious employers to discriminate on the basis of a person's transgender status. *See* ECF No. 57. Plaintiff's requests for production, thus far, regard her employment at the defendant-employer; for example, she has requested her personnel file, performance evaluations, and employee handbooks, among other records and documents. *See* ECF No. 45-1. Because discovery in this case is interrelated with the issue being appealed, a stay is appropriate. *See Dababnah v. W. Va. Bd. Of Med.*, 57 F. Supp. 2d 355, 356–57 (S.D.W. Va. 1999) (holding stay of discovery pending § 1292(b) interlocutory appeal was appropriate because discovery was interrelated with the issue being appealed).

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Stay Discovery, ECF No. 52, is **GRANTED**. All discovery shall be **STAYED** until the case is transferred back to the District Court. It is further **ORDERED** that Plaintiff's Motion to Compel, ECF No. 44 is **DENIED** without prejudice.

---

[1] 28 U.S.C. § 1292(b) states that an application for an appeal "shall not stay proceedings in the district court unless the *district judge* or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis added). While the presiding District Judge resolved the dispositive Motion to Certify Interlocutory Appeal under 28 U.S.C. § 1292(b), *see* ECF Nos. 41, 58, Defendant did not request a stay in that Motion; instead, it filed a separate motion to stay pursuant to Fed. R. Civ. P. 26(c)(1) and 28 U.S.C. § 1292(b). ECF No. 52. Motions to stay discovery are nondispositive pretrial matters that are referable to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). In this case, I have been referred all nondispositive pretrial matters. *See* ECF No. 15 at 4. I find that I have the authority to resolve this motion pursuant to this referral.

It is so **ORDERED**.

Entered:  June 13, 2025

Honorable C. Kailani Memmer
United States Magistrate Judge